IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

Christopher LeFever, et al.,
    Plaintiff

v.

United States of America,
    Defendant

FILED
SCRANTON
AUG 22 2017
PER _____
DEPUTY CLERK

**PETITION FOR RELIEF UNDER FEDERAL TORT CLAIMS ACT PURSUANT OT 28 U.S.C. § § 2671 et seq.**

COMES NOW, Christopher LeFever, et al., (herinafter Plaintiff(s)), a pro se litigant who respectfully submits that he is a layman at law and pleads this Honorable Court liberally construe his petition under Haines v. Kerner, 404 U.S. 519,520; 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

### INTRODUCTION

Plaintiff LeFever, et al, moves this Honorable Court to grant relief on the merits of his claim of gross negligence. Plaintiff seeks compensatory damages via civil action under the Federal Tort Claims Act pursuant to 28 U.S.C. § § 2671 et seq., after having contracted Salmonella bacteria poisoning while in the care, custody, and control of the Federal Bureau of Prisons, an agency of the United States, which is cognizable under 28 U.S.C. § 1346 (b)(1).

1

## JURISDICTION

The Federal Tort Claims Act gives a district court exclusive jurisdiction over civil actions (1) against the United States, (2) for money damages,...(3) for injury or loss of property,...(4) caused by the negligent or wrongful act or omission of any employee of the government (5) while acting within the scope of his office in accordance with the law of the place where the act or omission occurred. Deutsch v. United States, 67 F.3d 1080, 1091 (3rd Cir. 1995);(quoting 28 U.S.C. § 1346 (b)); see also CNA v. United States, 535 F.3d 132, 141 (3rd Cir. 2008)(quoting F.D.I.C. v. Meyer, 510 U.S. at 477);United States v. Muniz, 374 U.S. 150, 83 S. Ct. 1850, 10 L. Ed. 2d 805 (1663).

## PARTIES

Plaintiff(s) Christopher LeFever (13414-021), Robert Cummings (55188-379), and Daniel Greatwalker, Jr.(12104-059) each are in the custody of the U.S. Department of Justice, Federal Bureau of Prisons, currently confined at the United States Penitentiary Pollock, P.O. Box 2099, Pollock, LA. 71467.

Plaintiff Travis Yates (34870-044) is currently being held at USP McCreary, P.O. Box 3000, Pine Knot, KY. 42635.

Plaintiff Richard Rose (7106-061), is currently confined at USP Lee, P.O. Box 305, Jonesville, VA. 24263

Plaintiff John D. Usher (07145-062), is currently confined at USP Hazelton, P.O. Box 2000, Bruceton Mills, WV. 26825.

Plaintiff Michael Adams (25953-208) is currently confined at USP Lewisburg, P.O. Box 1000, Lewisburg, PA. 17837.

The only Defendant named in this civil action is the United States.

## STATEMENT OF FACTS

1. This claim is brought directly against the Defendant, the United States, for negligence, negligence per se, and wrongful acts or omissions of any employee of the government while acting within the scope of his office or employment pursuant to 28 U.S.C. §2671 - 2679.

2. On or about November 11, 2016 at the United States Penitentiary, Lewisburg, each of the above named Plaintiffs was held in segregated confinement where he was served a food product by correctional staff during the lunch meal. Plaintiffs consumed the meal in it's entirety which subsequently induced symptoms later determined to be associated with food poisoning. Plaintiffs recall first experiencing gastrointestinal discomfort approximately twelve (12) hours after ingesting the contaminated food item.

3. On November 12, 2016 each of the above named Plaintiffs were in the full throws of gastroenteritis which was evident by the associated symptoms of nausea, abdominal pain, diarrhea, fever, abdominal cramps, vomiting, dizziness, joint and muscle aches, dehydration, hot and cold sweats, and protracted loss of appetite.

4. On the same date as above Plaintiffs notified staff (unit correctional officer) by complaining of being very sick and requested medical attention.

5. As a proximate result from the negligence of BOP employees each of the above named Plaintiffs and others not named in this complaint contracted Salmonella bacterial poisoning (gastroenteritis).

6. As a proximate result of this breach of mandated duties by BOP staff the Plaintiffs' Inmate Rights were violated as follows:

a. Plaintiffs have the right to expect to be treated with dignity and respect and to receive fair and impartial treatment.

b. Plaintiffs have the right to adequate health care which includes nutritious meals.

3

7. Policy was in place which specifically proscribed a course of non-discretionary action, to wit, *Bureau of Prisons Program Statement 3420.11(Standards Of Employee Conduct); Bureau Of Prisons Program Statement 6010.05 (Health Services Administration)* which reads in part, "To deliver medically necessary health care to inmates effectively in accordance with proven standards of care..."; *Bureau of Prisons Program Statement 5270.09 ,Appendix C, para.3 (Inmate Discipline Program); and 5 CFR § 2635 (Office of Personnel Management) "Standards Of Ethical Conduct",* so that Defendant had a duty and mandatory obligation to treat the Plaintiffs in accordance with the above .

8. On or about November 24, 2016 (Thanksgiving Day) Plaintiffs were again served a meal while in segregation, presumably the lunch meal, which they each consumed in it's entirety and later developed the aforementioned symptoms in the aforementioned manner, *supra at* 1 and 2, however, due to an already weakened immune system the symptoms were more severe and debilitating.

9. On November 28, 2016 an institutional memorandum generated by the Warden was issued advising Plaintiffs and other unnamed persons that the institution had been placed on lockdown status due to an outbreak of gastrointestinal [?].  Inmates who were suffering adverse symptoms were advised to "contact medical staff".  Plaintiffs observed staff from the prison's Environmental Safety and Compliance department spraying an unknown substance while donning gloves and masks. Any area where someone had complained of sickness or symptoms of the sort the Plaintiffs suffered was sprayed, including the cells of all Plaintiffs named in this complaint.(note: these responsive/preventative measures were not employed during or after the November 11 occurrence).

10. Subsequent to the above Plaintiffs were removed from their assigned cells and placed in *medical quarantine* and were denied access to phone and visitation privileges. No mail was delivered at any time to any inmate during this time (approx. 6 days).

11. Upon being placed in medical quarantine Plaintiffs were eventually attended by medical staff and treated to the extent of having temperature and blood pressure taken and administered a gallon of Gatorade.

12. On a date unknown to Plaintiff LeFever he was advised by staff that a Health Inspector had been notified of the institutional outbreak and that an inspection/investigation was being conducted.

13. Each of the above named Plaintiffs remained in medical quarantine until December 7, 2016 when they were returned to their regularly assigned housing units and cells.

## CLAIM FOR RELIEF

14. Under 18 U.S.C. §§ 4041, 4042(a)(2) the Bureau of Prisons has a mandated duty to provide healthy and nutritious meals to all inmates at USP Lewisburg.

15. On November 11, 2016 the BOP was in breach of it's mandated duties under the policies and regulations implemented by Congress when they served the Plaintiffs and other inmates not mentioned inadequate, contaminated, or otherwise unhealthy food.

16. To determine whether the discretionary function exception applies, a court must determine (1) whether the act involves an element of judgment or choice, and (2) if so, whether that judgment is of the kind that the discretionary function exception was designed to shield. <u>Mitchell v. United States</u>, 225 F. 3d 361, (3rd Cir. 2000)(quoting <u>United States v. Gaubert,</u> 499 U.S. 315, 322, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991). More specifically, with respect to the second requirement, the discretionary function exception "protects only governmental actions and decisions based on considerations of public policy." <u>Berkovitz v. United States,</u> 486 U.S. 531, 537, 108 S. Ct. 1954, 100 L. ed. 2d 531 (198810. See generally S.R.P. ex rel. <u>Abunabba v. United States</u>, 676 F.3d 329, 56 v.i. 901 (3rd Cir. 2012).

17. Paragraph 6 (a) was violated when each of the above named Plaintiffs were denied adequate and reasonably timely medical attention. No stool or blood samples were taken and not even a basic physical exam such as temperature and blood pressure was taken.

18. Paragraph 6 (b) was violated when Defendant served each of the Plaintiffs and other unnamed persons unhealthy food from an unsanitary kitchen that was contaminated and resulted in each of the Plaintiffs contracting Salmonella bacteria food poisoning.

19. The United States is liable under the FTCA for the acts and omissions described herein and based on the wrongful acts or omissions of federal employees acting within the scope of his/her employment when he/she engaged in activities in the furtherance of duties he/she owes to his/her employer and the conduct is the type that he/she was hired to do.

Because prison officials who lack knowledge of a risk cannot be said to have inflicted punishment it remains open for prison officials to prove that they were unaware even of obvious risk to inmate health or safety, as by showing that they did not know of the underlying facts indicating a sufficiently substantial danger [risk] and that they were therefore unaware of a danger [risk] , or that they knew the underlying facts but believed, though unsoundly, that the risk to which the facts gave rise was insubstantial or nonexistent; prison officials who actually knew of a substantial risk to prisoners' health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. <u>Farmer v. Brennan</u>, 511 U.S. 825,836, 114 S. Ct. 1970, 128 L. Ed. 2d 811, & n.4 (1994).

Based upon a preponderance of the evidence and in light of the fact that prison officials were already on notice because of a recent outbreak of food poisoning that was sourced to the institution's kitchen and food preparation area where they failed to close the kitchen to conduct an investigation or even to sanitize the area but instead continued to prepare and serve food to the Plaintiffs which put them at risk and did result in Plaintiffs and others not named contracting a bacterial infection a second time constitutes a failure by Defendant to act or respond in a reasonable manner to treat those sickened during the first outbreak and to employ sufficient measures according to established protocol to prevent any further outbreaks or the risk of outbreaks within reason. Such negligence is tantamount to reckless disregard.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for relief as follows:

1. That this Honorable Court enter a judgment declaring the acts and omissions of the Defendant to violate the rights of each of the above named Plaintiffs under the Federal Tort Claims Act.

2. That this Honorable Court award general compensatory damages to each of the above named Plaintiffs commensurate with their respective pain and suffering.

3. That this Honorable Court grant such other further relief to each of the above named Plaintiffs as it deems appropriate.

   Pursuant to 28 U.S.C. § 2675 (b) and CFR § 14.2 the undersigned Plaintiffs are required to request a specific sum certain for damages incurred and therefore each of the above named Plaintiffs have requested specific damages/settlement with the agency responsible (Federal Bureau of Prisons) for the Salmonella bacteria food poisoning followed by certain omissions constituting negligence in the form of delayed and/or non-occurring medical treatment of Plaintiffs for symptoms that were obviously a result of the above.

Respectfully Submitted,

*[signature]* Chris Setever #13414-021

*[signature]* Robert Cummings #55188-379

*[signature]* Daniel Greenwater 12104-059

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been deposited in the internal prison mailing system for outgoing mail with first class postage affixed thereto on this _____ day of _____, 2017 correctly addressed to:

> Clerk of the Court
> United States District Court
> Ronald Reagan Federal Bldg.
> Suite 220, 228 Walnut Street
> P.O. Box 11754
> Harrisburg, PA. 17108-1754

The undersigned hereby executed this certificate under penalty of perjury pursuant to 28 U.S.C. § 1746.

_/s/ Christopher LeFever 13414021_
Christopher LeFever, Reg. No. 13414-021
USP Pollock, P.O. Box 2099
Pollock, LA. 71467

_____
John D. Usher, Reg. No. 07145-062
USP Hazelton, P.O. Box 2000
Bruceton Mills, WV. 26825

_/s/ Robert Cummings #55188-379_
Robert Cummings, Reg. No. 55188-379
USP Pollock, P.O. Box 2099
Pollock, LA. 71467

_____
Richard Rose, Reg. No. 71106-061
USP Lee, P.O. Box 305
Jonesville, VA. 24263

_/s/ Daniel Greatwater_
Daniel Greatwater, Reg. No. 12104-059
USP Pollock, P.O. Box 2099
Pollock, LA. 71467

_____
Travis Yates, Reg. No. 34870-044
USP McCreary, P.O. Box 3000
Pine Knot, KY. 42635

_____
Michael Adams, Reg. No. 25953-208
USP Lewisburg, P.O. Box 1000
Lewisburg, PA. 17837

Chris LeFever 13414021
USP Pollock B-2 230
P.O. Box 2099
Pollock LA 71467

SHREVEPORT LA
21 JUL 2017 PM

MAILED FROM A
FEDERAL PRISON

Ronald Reagan Federal Building
Suite 220
Clerk of Court
P.O. Box 11754
Harrisburg PA 17108-1754