**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHRISTOPHER LEFEVER, *et al.*,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

NO. 3:17-CV-1499

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me are two Motions for Appointment of Counsel (Doc. 11; Doc. 27) filed by Plaintiffs. Plaintiffs commenced this action on August 22, 2017 against Defendant United States of America pursuant to the Federal Tort Claims Act. (*See* Doc. 1, *generally*). In the Complaint, Plaintiffs allege that they consumed contaminated food while incarcerated at USP Lewisburg in November 2016. (*See id.*, *generally*). Plaintiffs now seek the appointment of counsel due to a lack of knowledge of the law, their inability to afford counsel, and their limited access to the law library.

Plaintiffs' motions for counsel will be denied without prejudice. A plaintiff in a civil case has no constitutional or statutory right to counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The Court does not have the authority to compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent person is governed by 28 U.S.C. § 1915(e)(1), which provides that the court "may request an attorney to represent any person unable to afford counsel," but the court cannot order the attorney to do so. The Third Circuit Court of Appeals has cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted . . . ." *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) to decide to seek counsel for a litigant, *Montgomery*, 294 F.3d at 498, and the decision can be

made at any point in the litigation. *Id*. at 503–04. As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the plaintiff overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors when appointing *pro bono* counsel: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id*. at 155-157 & n.5.

As noted above, Plaintiffs seek the appointment of counsel based on their lack of legal training and limited access to the law library. The appointment of counsel is not warranted at present. First, Plaintiffs have demonstrated at least some ability to present their own case through their multiple filings. Second, the factual and legal issues do not appear overly complicated. Third, the case does not seem as though it will require expert testimony. And, while Plaintiffs note an inability to obtain counsel on their own, this is not unlike the majority of incarcerated *pro se* litigants. If Plaintiffs need additional time to fulfill their filing obligations, all they need do is request an enlargement of time. Nevertheless, to date, Plaintiffs have effectively communicated their concerns and issues in their written filings. Thus, appointed counsel is not called for at this time. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion. Until then, I will deny Plaintiffs' motions to appoint counsel.

An appropriate order follows.

October 18, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

2