# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER LEFEVER, *et al.*, | : | |
| Plaintiff | : | CIVIL NO. 3:17-CV-1499 |
| v. | : | (Judge Caputo) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

# M E M O R A N D U M

Presently before the Court is Plaintiff Christopher LeFever's Motion to Amend his request for relief (ECF No. 45) and Motion for Default Judgment (ECF No. 55). For the reasons below, Plaintiff's motion to amend his claim for damages will be granted and his motion for default will be denied.

## I.  Background

Plaintiffs, including Mr. LeFever, commenced this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, after consuming contaminated food while incarcerated at USP Lewisburg, in Lewisburg, Pennsylvania. (ECF No. 1.) Plaintiffs requested compensatory damages "commensurate with their respective pain and suffering." (*Id.*, p. 7.)

By Order of October 18, 2108, the Court directed service of the Complaint on the United States of America. (ECF No. 36.) The United States Attorney's Office was personally served on November 21, 2018. (ECF No. 48.) On December 27, 2018, the Court entered an order staying all cases in which the United States was a party and represented by the United States Attorney for the Middle District of Pennsylvania, or by the United States Department of Justice (DOJ), due to the lapse in appropriations for the DOJ. See Omnibus Stay Order, Misc. No. 1:18-MC-0729 (M.D. Pa. Dec. 27, 2018). On January 30, 2019, the Court lifted the stay. The Court also extended all deadlines previously held in abeyance by the December 27, 2018 Order by 34 days. See Order Lifting Stay, No. 1:18-MC-0729 (M.D. Pa. Jan. 30, 2019).

II.     Discussion

   A.     Motion to Amend Request for Relief

The FTCA operates as a limited waiver of the United States' sovereign immunity from suit. White-Squire v. U.S. Postal Service, 592 F.3d 453, 456 (3d Cir. 2010). "Because the [FTCA] constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." White–Squire, 592 F.3d at 456 (internal quotation marks and citation omitted). The FTCA requires exhaustion of administrative remedies before a claimant can institute legal action. See 28 U.S.C. § 2675(a).

Under the FTCA an inmate may sue only the United States, may seek only monetary damages, and may not recover for mental or emotional damages in the absence of physical injury. See 28 U.S.C. § 1346(b)(1) – (2). Punitive damages are not available under the FTCA. See 28 U.S.C. § 2674. A plaintiff suing under the FTCA

must present the offending agency with notice of the claim, including a "sum certain" demand for monetary damages. *See White-Squire*, 592 F.3d at 457. A FTCA action "shall not be instituted for any sum in excess of the amount of the claim presented to the agency…" 28 U.S.C. § 2675(b). The requirement to present a claim and a demand for a "sum certain" to the agency is jurisdictional and cannot be waived. *White-Squire*, 592 F.3d at 457 (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)).

In his Motion to Amend (ECF No. 45), Mr. LeFever seeks "the maximum amount allowed under the tort claim, $50,000. He also seeks any punitive damages allowed under these same provisions, up to $50,000." (*Id.*) As previously noted, Mr. LeFever's Complaint does not contain a sum specific request for damages but affirms each plaintiff requested a "sum certain" in their respective administrative tort claims presented to the BOP. (ECF No. 1, p. 7.) By operation of law, a FTCA plaintiff's request for damages cannot exceed that presented in a properly exhausted administrative remedy tort claim. *See* 28 U.S.C. § 2675(b). Thus, each Plaintiff's request for damages is defined by his own written request for money damages in a sum certain for their injury as presented to the BOP in compliance with 28 C.F.R. § 14.2(a).[1] Therefore, to the

---

[1] 28 C.F.R. § 14.2(a) states that for purposes of Section 2675:

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a).

extent Mr. LeFever's administrative tort claim request complies with 28 C.F.R. § 14.2, it shall also define his claim for monetary damages in this matter.

### B. Motion for Default

Obtaining default judgment against a defendant who has failed to plead or otherwise defend an action is a two-step process. *See* Fed. R. Civ. P. 55(a) and (b); *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015) ("Before a plaintiff can obtain a default judgment pursuant to Rule 55(b), a plaintiff must secure an entry of default per Rule 55(a).")

Mr. LeFever seeks default judgment against the United States due to its alleged failure to file a timely response to his Complaint. (ECF No. 55.) As the United States suggests in its opposition brief (ECF No. 56), Plaintiff's request is premature.

> The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

Fed. R. Civ. P. 12(a)(2). Without the benefit of the *Omnibus Stay Order*, the United States was obligated to file a response to the Complaint sixty days after it was served, Monday, January 21, 2019. However, once the *Omnibus Stay Order* was entered, the government's obligation to file a response was stayed until the order was lifted on January 30, 2019. At that point, the United States was granted a thirty-four day enlargement of time to file a response, or until Monday, February 25, 2019. Therefore, Mr. LeFever's February 9, 2019, Motion for Default Judgment will be denied.[2]

---

[2] The Court notes that on February 25, 2019, Defendant filed a Motion to Dismiss and for Summary Judgment (ECF No. 57) and a Motion to Stay and Mediate (ECF No. 58). Both

**IV.     Conclusion**

For the above stated reasons, Plaintiff's Motion to Amend (ECF No. 45) will be granted and his Motion for Default Judgment (ECF No. 55) will be denied.

An appropriate order follows.


Date:  **March 5, 2019**                        /s/ A. Richard Caputo
                                                      **A. RICHARD CAPUTO**
                                                      **United States District Judge**

---

motions are permitted as responses to the Complaint and pursuant to Fed. R. Civ. P. 12(a)(4) alter the Defendant's time period for answering the Complaint pending their resolution by the Court.