IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER LEFEVER, *et al.*, | : | Civil No. 3:17-CV-1499 |
| Plaintiff | : | (Judge Mariani) |
| v | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

**MEMORANDUM**

I. **Background**

On August 22, 2017, Plaintiff Christopher LeFever and six other inmates filed a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq.*, after contracting salmonella while housed at the United States Penitentiary in Lewisburg (USP Lewisburg), in Lewisburg, Pennsylvania.[1] (Doc. 1). On May 2, 2019, the late Hon. A. Richard Caputo, stayed LeFever's FTCA claims, and with the agreement of the parties, referred the matter to mediation under the guidance of Joseph Barrett, ADR Coordinator for the Middle District of Pennsylvania. (Doc. 68). On June 26, 2019, the mediator informed the Court that "[t]he matter settled with respect to plaintiff Christopher LeFever" and requested the parties be permitted ninety days to complete the written settlement

---

[1] LeFever presently housed at USP Atlanta in Atlanta, Georgia. *See https://www.bop.gov/inmateloc* (last visited Aug. 2, 2020).

agreement. (Doc. 73). The same day, LeFever executed a stipulation for compromise settlement and release of all claims against the United States. (Doc. 89-1 at 8).

On June 28, 2019, the Court dismissed LeFever's FTCA claims against the United States without prejudice to reinstate upon a showing of "good cause." Since then, LeFever has sought to reinstate the action because he believed the settlement agreement only related to one, not both, of his November 2016 incidents of food poisoning. On February 20, 2020, the Court denied LeFever's various motion finding that an all-inclusive "valid and enforceable settlement exists between the parties." (Doc. 98 at 6.)

Presently before the Court is LeFever's motion to stay (Doc. 108) these proceedings as well as his third motion for appointment of counsel (Doc. 112).[2] For the reasons set forth below, the Court will deny both motions.

## II. Discussion

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made

---

[2] Judge Caputo denied LeFever's first and second request for counsel on October 18, 2018. (Doc. 35).

when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case:
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the plaintiff's capacity to retain counsel on his or her own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

*Id*. (citing *Tabron*, 6 F.3d at 155–57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the Court's willingness to aid the indigent party in presenting his or her own case; and (2) the availability of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 F. App'x 153 (3d Cir. 2007). Recently, the Third Circuit Court of Appeals held that whether addressing a prisoner's first request, or a successive request, district courts must apply the *Tabron* factors when exercising its discretion to appoint counsel under 28 U.S.C. § 1915(e)(1). *See Houser v. Folino*, 927 F.3d 693, 967 (3d Cir. 2019).

3

LeFever bases his motion for counsel based on his indigency, need to engage in extensive discovery and legal research, and the likelihood of his case turning on the credibility of witnesses.  Specifically, he refers to his need to "question [AUSA] Blewitt and Mr. Barrett [as to] the verbal agreement that was met in mediation talks." (Doc. 112 at 2). He adds that due to the Bureau of Prison's response to the COVID-19 pandemic his institution is in a "lock-down" and does not have access to the law library.  (Docs. 112 at 3; Doc. 113).  At this point, there is no need to appoint LeFever counsel.  Judge Caputo previously denied LeFever's challenge to the settlement agreement based on his assertion that verbal promises, not incorporated into the settlement agreement, caused him to believe the settlement agreement only addressed one of his food poisoning claims, not both.  *See* Doc. 98. Thus, the dismissal of his claims is final.  *See* Doc. 75.  Additionally, despite LeFever's incarceration, even under "lock-down" status, he continues to file pleadings demonstrating his ability to freely, and clearly, present his claims and arguments to the Court.

Based on the foregoing, the Court will deny LeFever's third motion for appointment of counsel.  For the same reasons, the Court finds no basis to stay these proceedings.

A separate Order shall issue.

Date: August __6__, 2020

_____
Robert D. Mariani
United States District Judges