## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER LEFEVER, *et al.*, | : | Civil No. 3:17-CV-1499 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

In August 2017, Plaintiffs Christopher LeFever, Robert Cummings, Daniel Greatwalker, Michael Adams, John Usher, Richard Rose, Travis Yates, and Virgil Begay were inmates housed at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg").  They filed this action against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.*, after consuming food tainted with salmonella.  (Doc. 1).

Presently before the Court is the United States' motion to dismiss and motion for summary judgment based on Plaintiffs' failure to: (1) notify the Court of their current address following their release from custody (Cummings, Rose and Begay); (2) sign the complaint or pay the filing fee, or seek leave to proceed *in forma pauperis* (Adams, Usher and Yates); or (3) properly exhaust their administrative tort remedies prior to filing suit (Greatwalker). (Doc. 62).  By way of the Court's Standing Practice Order issued on August 22, 2017, Plaintiffs were notified of their duty to respond to defense motions.  (Doc. 2).  Despite such

notice, none of the Plaintiffs filed a response to the United States' motion.  As such, the

Court deems the United States' motion unopposed.  Also, pending before the Court is

Plaintiff Yates' request to refer his claims to the Prison Litigation Settlement Program for

resolution.  (Doc. 95).

For the following reasons, the Court will grant the United States' motion to dismiss

and motion for summary judgment, and deny Yates' motion for mediation.

## I.     Relevant Procedural History

Plaintiffs filed this lawsuit on August 22, 2017.  (Doc. 1).  The Court ordered each

Plaintiff to pay the filing fee or submit a motion to proceed *in forma pauperis* and

Authorization form.  (Doc. 3).  To date, the Plaintiffs Adams, Usher, Yates and Begay have

not paid the filing fee or sought leave to proceed *in forma pauperis* and filed the appropriate

Authorization form.

The Court's Standing Practice Order requires a *pro se* Plaintiff to advise the Court of

their current address.  (Doc. 2).  The postal service has returned mail addressed to several

Plaintiffs.  The Court, via the Bureau of Prisons' ("BOP") inmate locator has verified that the

following Plaintiffs are no longer in BOP custody:  Robert Cummings (released June 20,

2019); Richard Rose (released March 29, 2019); and Virgil Begay (released January 18,

2019).  *See* https://www.bop.gov/inmateloc  (last visited August 2, 2020).  The Court is

2

unable to communicate with Plaintiffs Cummings, Rose and Begay, as none of them have provided the Court with a current address.

On June 28, 2019, Plaintiff Christopher LeFever reached a negotiated settlement with the United States in this matter. (Doc. 75). He was dismissed as a Plaintiff on June 28, 2019. (Doc. 75).

## II.    Statement of Undisputed Facts

### A.    The BOP's Administrative Tort Claim Remedy Procedure

The BOP has an administrative tort claim process through which an inmate can seek compensation from the United States for personal injury, wrongful death, or loss of property. *See* 28 C.F.R. § 543.30-543.32. (Doc. 63, ¶ 1). The BOP's Program Statement 1320.06, Federal Tort Claims Act, also outlines the administrative tort claim process. (*Id.* at ¶ 1 and Doc. 63–1, 10–17). BOP inmates may file an administrative tort claim pursuant to the FTCA with the Regional Office in the region where the basis for the claim occurred. *See* 28 C.F.R. § 543.31(c). (Doc. 63, ¶ 3). The BOP's denial of a claim, or failure to process the claim within six months, constitutes a final administrative action. If the claimant is dissatisfied with the final action, he or she may then file suit in the appropriate United States District Court. *See* 28 C.F.R. § 543.32(g). (*Id.* at ¶ 4).

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or

unless action is begun within six months after the date of mailing by certified or registered mail, of notice of final denial of the claim by the agency to which it is presented." 28 U.S.C. § 2401(b). (*Id.* at ¶ 2).

### B.    Plaintiff Virgil Begay

On June 26, 2017, Plaintiff Begay filed administrative tort claim TRT-NER-2017-05328 with the Northeast Regional Office alleging he became ill after eating contaminated food at USP Lewisburg in November 2016. (*Id.* at ¶ 5 and Doc. 63-1, 19). On October 30, 2017, while his administrative tort claim was still pending, he joined the instant complaint. (*Id.* at ¶ 6). The BOP denied Plaintiff Begay's administrative tort claim on December 20, 2017. (*Id.* at ¶ 7 and Doc. 63-1, 20). Plaintiff Begay was released from BOP custody on January 18, 2019. (Doc. 63, ¶ 8). Begay has not notified the Court of his current address.

### C.    Plaintiff Robert Cummings

Plaintiff Robert Cummings filed an administrative tort claim on August 4, 2017, asserting USP Lewisburg staff were negligent in serving him contaminated food. (Id. at ¶ 9 and Doc. 63-1, 21). During the pendency of his administrative tort claim, Plaintiff Cummings filed this lawsuit. (*Id.* at ¶ 10). The Northeast Regional Office denied Plaintiff Cumming's administrative tort claim on January 31, 2018. (*Id.* at ¶ 11 and Doc. 63-1, 22). Plaintiff Cummings is not in BOP custody. The Court is unable to communicate with Cummings due to his failure to supply the Court a current address.

### D.    Plaintiff Daniel Greatwalker

Plaintiff Greatwalker filed an administrative tort claim with the Southeast Regional
Office alleging he contracted salmonella in November 2016 while housed at USP
Lewisburg.  (*Id.* at ¶ 12 and Doc. 63-1, 23).  While his administrative tort claim was still
pending, Plaintiff Greatwalker filed the instant lawsuit.  (*Id.* at ¶ 13).  The Northeast Regional
Office denied his administrative tort claim on December 22, 2017.  He had six months from
that date to file a FTCA suit.  (*Id.* at ¶ 14 and Doc. 63-1, 24).

## III.    Legal Standards

### A.    Motion to Dismiss

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it
does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement
to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotation marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but … disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs*, 707 F.3d 223, 231 n. 14 (3d Cir. 2013) (internal citations, alterations, and quotation marks omitted).  Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'"  *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).  "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption."  *Id*.

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'"  *Connelly v. Lane Constr. Corp.,* 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678).  "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Id*. at 786–87 (quoting *Iqbal*, 556 U.S. 679).

**B.**     **Motion for Summary Judgment**

Through summary adjudication, the Court may dispose of those claims that do not present a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "As to the materiality, … [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record … or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where

7

the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).  If a party has carried its burden under the summary judgment rule,

> Its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  Where the record taken as a whole would not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.  When opposing parties tell two different stories, the one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

## IV.     Discussion

### A.     The Court's Inability to Communicate with Plaintiffs Cummings, Rose, and Begay

A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address.  *See* Standing Practice Order in Pro Se Plaintiff Cases, Doc. 2; M.D. Pa. L.R. 83.18.  Should a plaintiff's address change during the litigation, he must immediately inform the Court of such change, in writing.  (Doc. 2 at 4).  Each Plaintiff was cautioned that if the

Court is unable to communicate with him because he failed to notify the Court of his
address, the Court would deem Plaintiff to have abandoned his lawsuit. (*Id.*)

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an
action "[i]f the plaintiff fails to prosecute". The United States Supreme Court has held that
"[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been
considered an 'inherent power,' governed not by rule or statue but by the control necessarily
vested in the courts to manage their own affairs so as to achieve the orderly and
expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962). "Such
a dismissal is deemed to be an adjudication on the merits, barring any further action
between the parties." *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily
when deciding, *sua sponte*, to dismiss an action as a sanction, a district court is required to
consider, and balance six factors enumerated in *Poulis v. State Farm Fire & Cas. Co.*, 747
F.2d 863, 868 (3d Cir. 1984). "However, when a litigant's conduct makes adjudication of the
case impossible, such balancing under *Poulis* unnecessary. *See McLaren v. New Jersey
Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (per curiam) (citing *Guyer v. Beard*,
907 F.2d 1424, 1429–30 (3d Cir. 1990) and *Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir.
1994)); *see also Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011) (the District Court did not
clearly err in determining that "[b]ecause Doe's conduct makes adjudication of the case
impossible, dismissal pursuant to Rule 41(b) is appropriate, even without consideration of
the *Poulis* factors").

9

Here, Plaintiffs Cummings, Rose and Begay are no longer in custody and have failed to notify the Court of their current address.  The Court has no means to communicate with these Plaintiffs.  It is reasonable to conclude that they have abandoned their interests in this lawsuit.  As Plaintiffs have failed to comply with the Court's Standing Practice Order and M.D. Pa. Local Rule 83.18, dismissal of their claims for failure to abide by an order of this Court or the rules of this Court, and general failure to prosecute, is appropriate.

### B.  Plaintiffs Adams, Usher & Yates' Failure to Sign Complaint

Rule 11(a) of the Federal Rules of Civil Procedure provides, in relevant part, that:

> Every pleading, written motion, and other paper *must* be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number.  Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a) (emphasis added).

The Court of Appeals for the Third Circuit has instructed that courts must construe pro se filings liberally and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Further, a Court should afford *pro se* plaintiffs the opportunity to amend a complaint before it is dismissed in its entirety, *Fletcher-Hardee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007),

10

unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

In the present case, Plaintiffs Adams, Usher and Yates did not sign the Complaint. (Doc. 1, 8). The Court first notified Plaintiffs Adams, Usher and Yates of this omission on August 29, 2017 (Doc. 3), yet they failed to take any action. In February 2019, Defendant again raised the omission in their motion to dismiss and motion for summary judgment. (Doc. 57). Defendant served all Plaintiffs, including Adams, Usher, and Yates, with copies of their motion and supporting materials at their last known address. (Doc. 62, 14 and Doc. 63 at 7). Yet, Plaintiffs Adams, Usher and Yates failed to respond to the motion even though advised of their obligation to do so. (Doc. 2). Additionally, with respect to Plaintiff Usher, he has repeatedly failed to notify the Court of his transfer from one institution to another. Yet, each time his mail was returned as undeliverable, the Court made the effort to locate him, and update his address, and forward him filings in this matter. *See* Docs. 47 and 65. Plaintiff Usher has not communicated with the Court since the inception of this case even though he receives copies of all filings. Because the Court finds that Plaintiff Usher has continually willfully disregarded the Court's orders and has failed to respond to Defendant's motion or cure the identified defect or otherwise communicate with the Court, the Court will grant Defendant's motion to dismiss with respect to Plaintiff Usher's FTCA claim without leave to amend.

As noted above, Plaintiff Yates also has not signed the Complaint, filed a curative

Complaint or opposed Defendant's motion. However, unlike Usher, Yates has contacted

the Court on one occasion. On October 16, 2019, Plaintiff Yates filed a motion requesting

the Court refer his FTCA claim to the Prison Litigation Settlement Program for mediation.

(Doc. 95). However, until Yates signs the Complaint there is no claim in his name to refer

for mediation. Thus, Defendant's motion to dismiss Plaintiff's FTCA claim due to his failure

to sign the Complaint will be granted.

Michael Adams failed to sign the Complaint in this action or respond to Defendant's

dispositive motion. However, on January 30, 2018, Plaintiff Michael Adams initiated his own

FTCA action against the United States concerning the same salmonella outbreak at USP

Lewisburg. He alerted the Court in that matter that he did not know his name had been

added to the present action. *See Adams v. United States*, 3:18-cv-0208 (M.D. Pa). (J.

Caputo) (Doc. 16). On March 29, 2019, the United States and Adams reached a settlement

in that case. (*Id.* at Doc. 21). Accordingly, the Defendant's motion to dismiss Michael

Adams' FTCA claim will be granted with prejudice due to Plaintiff's failure to sign the

Complaint.

## C.   Plaintiff Usher and Yates Failure to pay the filing fee or seek leave to proceed *in forma pauperis*

Pursuant to 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the

parties instituting any civil action, suit or proceeding in court, whether by original process,

removal or otherwise, to pay a filing fee of $350, except that on application for a writ of

12

habeas corpus the filing fee shall be $5." 28 U.S.C. § 1914(a). The Prison Litigation Reform Act ("PLRA") requires *each* prisoner joined in a lawsuit to pay a full individual filing fee in installments, pursuant to 28 U.S.C. § 1915. *Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009) (emphasis added); *see also* 28 U.S.C. § 1915(b)(1). Thus, to proceed with a civil action, a prisoner-plaintiff must pay the $400.00 filing fee or request leave to proceed in forma pauperis and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). An indigent prisoner granted leave to proceed *in forma pauperis* still must pay the filing fee, but in installments.

Here, Plaintiff Usher and Yates have neither paid the filing fee nor have they sought leave to proceed *in forma pauperis*. On August 29, 2017, an Administrative Order issued in this case informed all Plaintiffs that their action would not proceed unless they either paid the filing fee or filed an application to proceed *in forma pauperis* and Authorization form allowing prison officials to deduct the filing fee from their accounts in accordance with the PLRA. The Court gave Plaintiffs thirty days to return the properly executed forms and warned that their failure to do so would result in the dismissal of their action without prejudice. Neither Plaintiff Usher nor Yates filed motions for leave to proceed *in forma pauperis* or an Authorization allowing prison officials to deduct the filing fee from their accounts. Neither Plaintiff disputes these facts. As Plaintiffs Usher and Yates have neither made a submission, nor requested an extension of time to pay the filing fees, nor submitted

the requisite forms, the Court will grant Defendant's motion to dismiss as to their FTCA

claims.

### D.    Plaintiffs Greatwalker has failed to properly exhaust his administrative tort remedies prior to filing suit

The FTCA requires exhaustion of administrative remedies before a claimant can

institute legal action.  Specifically, 28 U.S.C. § 2675(a) states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purpose of this section.

28 U.S.C. § 2675(a).  This administrative exhaustion "must be complete *before* a party may

institute a civil action in District Court under the FTCA."  *Wadhwa v. Nicholson*, 367 F. App'x

322, 325 (3d Cir. 2010) (emphasis in original).  Where a claimant fails to exhaust their

administrative tort claim remedies before filing suit, the complaint must be dismissed for lack

of subject matter jurisdiction.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  The

requirement to present a claim to the agency is jurisdictional and cannot be waived.  *White-*

*Squire v. United States Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010).

14

The uncontested record conclusively establishes that Plaintiff Greatwalker's administrative tort claim was pending before the BOP when he initiated this action in August 2017. (Doc. 63, ¶¶ 12 -14). Consequently, the Court lacks jurisdiction over Plaintiff Greatwalker's FTCA claim. *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003). The Court's dismissal will be without prejudice to Plaintiff Greatwalker filing a new action now that he has satisfied the FTCA's exhaustion requirement. The Court notes that it cannot be said that the FTCA's statute of limitations would render this course of action futile as it is well settled that the FTCA's statute of limitations is subject to equitable tolling under the appropriate circumstances. *Hughes v. United States*, 263 F.3d 272, 278 (3d Cir. 2001); *see Hedges v. United States*, 404 F.3d 744, 748 (3d Cir. 2005) (federal courts apply equitable tolling to wide range of cases against the Government, including FTCA claims)." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 194-195 (3d Cir. 2009).

An appropriate Order follows.

Date: August _6_, 2020

Robert D. Mariani
United States District Judge